# ORIGINAL

FILED IN CLERK'S OFFICE
U S D C  Atlanta

MAY 16 2008

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk



## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JESSE COLE COCHRAN and )
DANIELLE M. COCHRAN, )
individually and as next friends and )
natural guardians of their son )
AUSTIN COCHRAN, )
 )
     Plaintiffs, ) CIVIL ACTION FILE
 ) NO. **1 08-CV-1790**
 )
v. )
 )
 )
THE BRINKMANN )
CORPORATION, )
 )
     Defendant. )

## COMPLAINT

COME NOW PLAINTIFFS, through counsel, and show the Court the following:

1.

Plaintiffs Jesse Cole Cochran and Danielle M. Cochran are the parents and natural guardians of Austin Cochran, who was born on July 13, 1999. They are residents and citizens of the State of Georgia, residing in Stockbridge, Henry County, Georgia.

2.

The Brinkmann Corporation is a corporation incorporated under the laws of the State of Texas, with its principal place of business in Dallas, Texas. It is not a citizen of the State of Georgia. It regularly puts its products in the stream of commerce for sale to customers in the State of Georgia. This action arises out of a tort committed by Defendant Brinkmann in the State of Georgia. It is subject to service under the Georgia Long Arm Statute. It may be served by service upon its registered agent, J. Baxter Brinkmann, 4215 McEwen Road, Dallas, Texas 75244.

3.

The amount in controversy far exceeds the sum or $75,000, exclusive of interest and costs. There is complete diversity of citizenship. Jurisdiction is founded upon diversity of citizenship, 28 U.S.C. § 1332.

4.

This action arises out of events occurring in the Atlanta Division of the United States District Court for the Northern District of Georgia. Venue lies in the Atlanta Division of the United States District Court for the Northern District of Georgia.

5.

The Defendant, The Brinkmann Corporation, manufactures and sells turkey

fryers that are designed to be fueled by propane gas tanks that are connected to the turkey fryer by a rubber gas line provided by the Defendant. These turkey fryers are designed to heat pots of oil to be used for frying turkeys and other meats.

6.

The grandfather of Austin Cochran, Roy H. Cochran, purchased a Brinkmann turkey fryer, model number 815-3780-0, that was manufactured and placed into the steam of commerce by the Defendant The Brinkmann Corporation.

7.

On January 1, 2007, Austin Cochran, then age seven, was at his grandfather's house at 2390 Keys Ferry Road, Jackson, Henry County, Georgia. His grandfather was planning to cook the chicken for the afternoon meal with his Brinkmann turkey fryer. He had set up the Brinkmann turkey fryer outside, with the Brinkmann hose attached to a 20# standard-sized propane tank. On top, he had placed an aluminum pot manufactured by Masterbuilt into which he had put peanut oil for cooking. He had ignited the flame of the Brinkmann turkey fryer and heated the oil to the very high temperature it needed to be for cooking. The turkey fryer was being used in the manner contemplated and intended by the Defendant The Brinkmann Corporation.

8.

Seven-year-old Austin Cochran inadvertently stepped on the hose that connected the turkey fryer to the gas tank, causing the turkey fryer to tilt and the pot of superheated oil to pour onto young Austin Cochran, severely burning him.

9.

Austin Cochran was transported by air ambulance to the burn unit at Grady Hospital, where he remained as a patient for twelve days. He underwent surgery and skin grafts. These burns have left him with severe scarring for which he will need additional medical care.

10.

The parents have incurred in excess of $86,750 for medical care for their son Austin Cochran. They will, in the future, incur substantial additional expenses for medical care for Austin Cochran until he is eighteen years of age.

11.

Austin Cochran will incur medical expenses and impairment of his ability to work in the future after he is eighteen years of age.

12.

Austin Cochran suffered severe pain and suffering, and general damages as a

result of being burned by the Defendant The Brinkmann Corporation's turkey fryer, and will, in the future, suffer pain, suffering, embarrassment, humiliation and other general damages as a result of being burned by oil being heated by the Defendant The Brinkmann Corporation's turkey fryer.

## COUNT I

## STRICT LIABILITY

13.

Paragraphs one through twelve are realleged and incorporated into Count I.

14.

The turkey fryer, that was manufactured and sold by the Defendant The Brinkmann Corporation and that Roy H. Cochran purchased and was using at the time Austin Cochran was burned, was defective and unfit for use and inherently dangerous.

15.

Deficiencies in the Brinkmann turkey fryer include, *inter alia*:

a. As manufactured, its center of gravity is too high, its base is too narrow, and it is thus unreasonably and defectively prone to tipping over and spilling heated oil.

b. The turkey fryer contains no side rims or other device to minimize the

-5-

chance of oil spilling or that would limit the amount of oil spilled when the turkey fryer is tipped.

c. The regulator nozzle to which the hose is attached is unnecessarily and unreasonably high  so as to increase the chance that the pot will be tipped over if contact is made with the hose that goes to the propane tank.

d. The turkey fryer lacks any guards or other devices that would limit access to the space between the turkey fryer and the propane tank, even though the tank must be kept away from the fryer so as to minimize the chance of the fryer overheating the propane tank.

e. The turkey fryer lacks guards or other devices designed to keep people, including children, well away from its turkey fryer when it is in use.

f. The warnings and directions are defective and inadequate.  The only warnings are in the box in which a new turkey fryer is shipped.  The warnings in the box do not adequately or with sufficient force communicate the extreme dangers of using a Brinkmann turkey fryer in the foreseeable conditions in which turkey fryers are used.

g. The Brinkmann turkey fryer is defective in that there are no warnings or directions attached or affixed to the turkey fryer itself, even though it is contemplated

-6-

and foreseeable that a turkey fryer will be used for many years, that the paper warnings in the box when it is sold will not remain with the turkey fryer, that people who did not open the shipping box will use the turkey fryer, and that users of the turkey fryer and people in the vicinity of the turkey fryer need ongoing and direct communication of the extreme dangers posed by turkey fryers, including the model 815-3780-0 turkey fryer manufactured by the Defendant, The Brinkmann Corporation.

16.

The defects in the design, manufacture, and instructions and warnings of the turkey fryer manufactured by The Brinkmann Corporation were substantial proximate causes of the injuries and burns to Austin Cochran.

17.

The Brinkmann Corporation had notice and knowledge of the defective and dangerous nature of its model 815-3780-0 turkey fryer, but continues to manufacture and sell this defective product, knowing of the defects.

18.

The Plaintiffs, as next friends and natural guardians of Austin Cochran, are entitled to recover from the Defendant The Brinkmann Corporation for Austin

Cochran's past and future general and special damages.

19.

The Plaintiffs, Danielle Cochran and Jesse Cochran, are entitled to recover from the Defendant their special damages, including past and future medical expenses to age eighteen for Austin Cochran.

20.

The Plaintiffs are entitled to recover from the Defendant, The Brinkmann Corporation, exemplary damages sufficient to punish the Defendant and to deter the Defendant from further like wrongful conduct.

## COUNT II

## NEGLIGENCE

21.

Paragraphs one through twelve are realleged and incorporated into Count II.

22.

The turkey fryer, that was manufactured and sold by the Defendant The Brinkmann Corporation and that Roy H. Cochran purchased and was using at the time Austin Cochran was burned, was negligently manufactured and inherently dangerous.

-8-

23.

The Brinkmann turkey fryer was negligently manufactured in that:

a. As manufactured, its center of gravity is too high, its base is too narrow, and it is thus prone to tipping over and spilling heated oil.

b. The turkey fryer contains no side rims or other device to minimize the chance of oil spilling or to limit the amount of oil spilled when the turkey fryer is tipped.

c. The regulator nozzle to which the hose is attached is unnecessarily and unreasonably high  so as to increase the chance that the pot will be tipped over if contact is made with the hose that goes to the propane tank.

d. The turkey fryer lacks any guards or other devices that would limit access to the space between the turkey fryer and the propane tank, even though the tank must be kept away from the fryer so as to minimize the chance of the fryer overheating the propane tank.

e. The turkey fryer lacks guards or other devices designed to keep people, including children such as Austin Cochran, well away from its turkey fryer when it is in use.

f. The warnings and directions are inadequate.  The only warnings are in the

box in which a new turkey fryer is shipped.  The warnings in the box do not adequately or with sufficient force communicate the extreme dangers of using a Brinkmann turkey fryer in the foreseeable conditions in which turkey fryers are used.

g. The Brinkmann turkey fryer is negligently manufactured in that there are no warnings or directions attached or affixed to the turkey fryer itself, even though it is contemplated and foreseeable that a turkey fryer will be used for many years, that the paper warnings in the box when it is sold will not remain with the turkey fryer, that people who did not open the shipping box will use the turkey fryer, and that users of the turkey fryer and people in the vicinity of the turkey fryer need ongoing and direct communication and reminders of the extreme dangers posed by turkey fryers, including the model 815-3780-0 turkey fryer  manufactured by the Defendant, The Brinkmann Corporation.

24.

The negligence of Defendant Brinkmann in the design, manufacture, and instructions and warnings of its turkey fryer was the substantial proximate cause of the injuries and burns to Austin Cochran.

25.

The Brinkmann Corporation had notice and knowledge of the negligent

-10-

manufacture and dangerous nature of its model 815-3780-0 turkey fryer, but continues to manufacture and sell this negligently manufactured product.

26.

The Plaintiffs, as next friends and natural guardians of Austin Cochran, are entitled to recover from the Defendant The Brinkmann Corporation for Austin Cochran's past and future general and special damages.

27.

The Plaintiffs, Jesse Cole Cochran and Danielle M. Cochran, are entitled to recover from the Defendant their special damages, including past and future medical expenses of Austin Cochran to age eighteen.

28.

The Plaintiffs are entitled to recover from the Defendant, The Brinkmann Corporation, exemplary damages sufficient to punish the Defendant and to deter the Defendant from further like wrongful conduct.

## COUNT III

## NUISANCE

29.

Paragraphs one through twelve are realleged and incorporated into Count III.

30.

The Defendant The Brinkmann Corporation has manufactured and sold its model 815-3780-0 turkey fryer and similar turkey fryers over a number of years.

31.

Reputable organizations that test and evaluate the safety of various manufactured products, including Underwriters Laboratory, have concluded that propane gas-fired portable turkey fryers of the kind manufactured by the Defendant are inherently unsafe and unfit for residential use by consumers.

32.

On information and belief, the Defendant has long had knowledge and notice of the inherently dangerous propensities of its turkey fryers when used in the manner that they are commonly used.

33.

Despite this knowledge of the inherently dangerous propensities of these propane gas-fired portable turkey fryers, the Defendant has chosen not to recall its turkey fryers, but has chosen instead to continue to manufacture and market its propane gas-fired portable turkey fryers for use by families at their residences around family, friends and children.

-12-

34.

The continued manufacture and marketing of propane gas-fired portable turkey fryers, such as the Defendant's model 815-3780-0 turkey fryer, and the use of these fryers in residential situations around families, friends and children constitutes a nuisance.

35.

This nuisance created and maintained by the Defendant proximately caused the burns suffered by Austin Cochran on January 1, 2007.

36.

The Plaintiffs, as next friends and natural guardians of Austin Cochran, are entitled to recover from the Defendant The Brinkmann Corporation for Austin Cochran's past and future general and special damages.

37.

The Plaintiffs, Danielle Cochran and Jesse Cochran, are entitled to recover from the Defendant their special damages, including past and future medical expenses to age eighteen for Austin Cochran.

38.

The Plaintiffs are entitled to recover from the Defendant, The Brinkmann Corporation, exemplary damages sufficient to punish the Defendant and to deter the Defendant from further like wrongful conduct.

39.

The Plaintiffs, having suffered special damage and injury, are entitled to injunctive relief abating the nuisance created and maintained by Defendant within the State of Georgia.

WHEREFORE, having stated their complaint, the Plaintiffs pray as follows:

a) that process issue and the Defendant be served as provided by law;

b) that the Plaintiffs recover their past and future general and special damages from the Defendant;

c) that the Plaintiffs recover from the Defendant exemplary damages sufficient to punish the Defendant and to deter the Defendant from further like wrongful conduct;

d) that the Plaintiffs have trial by jury; and

-14-

e) that the Plaintiffs have such other and further relief as the Court may deem just.

Respectfully submitted,

BELL & BRIGHAM

John C. Bell, Jr.
Georgia State Bar No. 048600
P.O. Box 1547
Augusta, GA 309031-1547
E-mail: john@bellbrigham.com
(706) 722-2014

Ben F. Windham
Georgia State Bar No. 770195
The Windham Law Firm
1050 Eagle's Landing Parkway, Ste. 200
Stockbridge, Georgia 30281
E-mail: ben@windhamlaw.com
(678) 565-8686

COUNSEL FOR PLAINTIFFS